Hon. Timothy W Dore
In Proceedings Under
Chapter 7
Hearing Date: January 6, 2017
Time: 9:30 AM
Response Date: December 30, 2016
Location: 700 Stewart Street, Seattle, WA 98101
Room: 8106

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re | Case No: 11-12340 TWD |
|---|---|
| Scott Banchero, Debtor(s), | REPLY TO TRUSTEE'S RESPONSE TO MOTION SEEKING RELIEF FROM STAY AND COMPEL ABANDONMENT OF REAL PROPERTY AND JOINDER TO SAME |

**REPLY**

Mel Foster and Virginia Foster, ("Fosters"), hereby reply to the Trustee's observations and the joinder by the debtor's first cousin, Michael Yerkovich.

**I. Resolution During Chapter 11 Closure Allowed**

The Fosters have been trying to resolve issues related to their agreement with Mr. Banchero for a very long time. As mentioned in the motion at bar, the Fosters attempted to resolve issues surrounding their agreement with the Debtor by requesting this court's intervention a year ago. Their motion was denied with the Court stating in its December 23, 2015 Order under ECF No 233, pg 3, lines 8 – 11.

REPLY TO TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY AND COMPEL ABANDONMENT OF REAL PROPERTY AND JOINDER THEREIN  1

z:\legal ii\2016\bankruptcy\banchero, scott - re melvin and virginia foster\foster, mel\motion for relief and compel abandonment\reply\reply - banchero.doc

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Case 11-12340-TWD    Doc 271    Filed 01/02/17    Ent. 01/02/17 11:54:46    Pg. 1 of 6

> … The Court did not specifically retain jurisdiction to interpret the Joint Venture Agreement or any disputes between the Debtor and the Fosters. To the extent the Court retained jurisdiction to deal with certain issues post-confirmation, it retained jurisdiction only "until the proceedings… closed…" on July 25, 2012.

This Court went to tell the Fosters in lines 17 - 20:

> …The Confirmed Plan does not preclude the Fosters from filing an action in state court to enforce the Joint Venture Agreement or the Amendment. The Fosters are free to file any action they wish to enforce the Joint Venture Agreement or the Amendment, but they must do so in state court….

In this case, the Fosters did move forward to resolve the matter with Scott outside of the bankruptcy court.

## II. Equitable Title vs Legal Title

The facts and agreements between Debtor, Scott Banchero and the Fosters comprise as a whole, a conveyance of equitable title. The Debtor and Fosters, by amending the Joint Venture, essentially created an option to purchase the property exercisable by either party. In resolving their dispute, the parties agreed that if the Fosters tendered the $9,250.00, Scott would convey his interest in the property to the Fosters. Debtors performed and tendered the $9,250.00 which was accepted by the Debtor's Power of Attorney who executed the Quit Claim Deed, providing a copy of same to the Fosters. This occurred nearly a year prior to the reopening of the case and appointment of a Trustee. While there are issues regarding legal title, the world was put on notice when the Fosters filed their notice of equitable title interest in the property with the King County Recorder prior to the case reopening.

Equitable title, while old law, is still very much alive. In Crowley v. Bryne, 71 Wash. 444, (1912) the Washington State Supreme Court noted that there are cases where, "…[T]he grant, on a valuable consideration, of an option to purchase, constitutes the grantee the equitable owner of an interest in the property." *Id*. at 449. The Court in that case goes on to

REPLY TO TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY AND COMPEL ABANDONMENT OF REAL PROPERTY AND JOINDER THEREIN  2

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

z:\legal ii\2016\bankruptcy\banchero, scott - re melvin and virginia foster\foster, mel\motion for relief and compel abandonment\reply\reply - banchero.doc

Case 11-12340-TWD    Doc 271    Filed 01/02/17    Ent. 01/02/17 11:54:46    Pg. 2 of 6

find that, "[a] subsequent purchaser with notice of a valid and irrevocable option would certainly take subject to the right of the option holder to complete his purchase.' Id. at 449-450.

In Spokane School Dist. No. 81 v. Parzybok, 96 Wash.2d 95 (1981), the court asserts:

> An option to purchase is a contract whereby the owner of the property, for valuable consideration, sells to the optionee the right to buy the property within the time, for the price, and upon the terms and conditions specified in the option, but which in itself imposes no obligation on the purchaser to acquire the property. Hopkins v. Barlin, 31 Wn.2d 260, 196 P.2d 347 (1948); Crowley v. Byrne, 71 Wash. 444, 129 P. 113 (1912). A subsequent owner, having notice of the option, takes subject to the optionee's right to complete his purchase. Crowley v. Byrne, supra. It was held in that case that, as between the optionee and a subsequent purchaser who had notice of the option right, the optionee had an interest in the land binding upon the purchaser, even though the optionee had not exercised his option or paid any part of the purchase price.

Id at 96, 97.

While the original title did not pass to the Fosters, in Finch v. Matthews, 74 Wn.2d 161, 166 (1968), the Washington Supreme Court affirmed that, "[t]he superior title whether legal or equitable must prevail. Rue v. Oregon & Washington R.R., 109 Wash. 436, 186 Pac. 1074 (1920); RCW 7.28.120. " This follows the reasoning in Crowley wherein the court found that the holder of an option to purchase real property, who has fully executed the purchase price, although receiving no deed therefore, becomes vested with equitable title to the land, such title relating back to the date of the option. Crowley *supra*, at 448, 449.

Here, unless the trustee can avoid the agreement to sell, the Trustee would have no more rights than a subsequent owner having notice of the option. Here it cannot be said that there was a fraudulent transfer. The parties have been negotiating, arguing, and attempting to resolve the issues of unequal contribution by Banchero. The option to purchase in the amended Joint Venture was symmetrical. Either party could exercise the option. Ultimately a price was agreed upon and the sale was made.

REPLY TO TRUSTEE'S RESPONSE TO MOTION
FOR RELIEF FROM STAY AND COMPEL
ABANDONMENT OF REAL PROPERTY AND
JOINDER THEREIN  3

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

z:\legal ii\2016\bankruptcy\banchero, scott - re melvin and virginia foster\foster, mel\motion for relief and compel abandonment\reply\reply - banchero.doc

Equitable title interest in the property was conveyed to the Debtors over a year ago. The debtor-in-possession, under the powers vested to the debtor, settled and sold the property to the Fosters. While specific performance is still needed to require the production of the original QCD, or a decree of quiet title is needed to settle legal title issues (hence the relief from stay requested), the Trustee cannot assume a bona fide purchaser status in this matter and any rights that the Trustee would have are the same as the Debtor's.

### III. Value of the Property

The present value of the property is only of issue if the property is still a part of the estate and only if the Trustee has more of an interest in the property than the Debtor. If the Trustee is found to have superior title interest, Fosters dispute the CMA value presented in the Trustee's Response. The CMA is not an appraisal by a certified appraiser. It does not take into consideration the current condition of the home. If called to testify the Fosters would point out that there are deferred maintenance issues that affect the value of the property and that the cost of sale itself would consume at least 8% of the value of the property. The Fosters would also testify that:

- Fosters made the entire down payment
- Fosters made all of the mortgage payments
- Fosters paid for all maintenance and improvements
- For those maintenance and improvements not hired out, Fosters performed those maintenance and improvement activities.

- Banchero paid nothing towards the down payment
- Banchero didn't make a single mortgage payment
- Banchero didn't pay for any of the maintenance or improvements
- Banchero didn't perform any of the maintenance or contribute in helping make improvements.

REPLY TO TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY AND COMPEL ABANDONMENT OF REAL PROPERTY AND JOINDER THEREIN 4

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

z:\legal ii\2016\bankruptcy\banchero, scott - re melvin and virginia foster\foster, mel\motion for relief and compel abandonment\reply\reply - banchero.doc

Further, the Fosters, because of the unequal contributions between the parties and contributions made while in the Chapter 11, would have a substantial Administrative claim for contributions made on behalf of the debtor-in-possession which directly and substantially benefited the estate should their claim to equitable title be deemed to fail.

## IV. CONCLUSION

THEREFORE, for at least these reasons, Mel Foster and his wife Virginia Foster respectfully renew their request that this Court enter an order terminating the automatic stay pursuant to 11 U.S.C. § 362 and that the Creditor be allowed to immediately proceed with pursuing with any and all contractual and statutory remedies necessary to enforce the Quit Claim Deed referenced herein against the property located at 913 23rd Ave. S., Seattle, Washington. Similarly, the Court should grant Fosters' motion to Compel Abandonment of the same property.

DATED: January 2, 2017

/s/ Mark C McClure
Mark C. McClure, WSBA # 24393
Attorney for Mel Foster and Virginia Foster

REPLY TO TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY AND COMPEL ABANDONMENT OF REAL PROPERTY AND JOINDER THEREIN  5

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

z:\legal ii\2016\bankruptcy\banchero, scott - re melvin and virginia foster\foster, mel\motion for relief and compel abandonment\reply\reply - banchero.doc

# DECLARATION OF SERVICE

I, the undersigned, hereby declare under penalty of perjury under the laws of the State of Washington that on this day I caused to be delivered a true and correct copy of the foregoing document to the following:

| PARTY / COUNSEL | DELIVERY METHOD |
|---|---|
| COUNSEL FOR CHAPTER 7 TRUSTEE<br>Rory C. Livesey, Esq.<br>THE LIVESEY LAW FIRM<br>600 STEWART STREET, Suite 1908<br>Seattle, WA 9801 | [ ] U.S. Mail, 1st Class Postage<br>[ ] U.S. Mail, Certified, Return Receipt<br>[ ] Electronic Mail<br>[ ] Facsimile<br>[ ] Legal Messenger<br>[ X ] Other: ECF |
| CHAPTER 7 TRUSTEE<br>Nancy L James<br>15008 - 63rd Drive SE<br>Snohomish, WA 98290 | [ ] U.S. Mail, 1st Class Postage<br>[ ] U.S. Mail, Certified, Return Receipt<br>[ ] Electronic Mail<br>[ ] Facsimile<br>[ ] Legal Messenger<br>[ x ] Other: ECF |
| COUNSEL FOR MICHAEL YERKOVICH<br>David T. Lyons, Esq.<br>Lyons Sullivan<br>10655 NE 4th, Ste 704<br>Bellevue, wA 98004 | [ ] U.S. Mail, 1st Class Postage<br>[ ] U.S. Mail, Certified, Return Receipt<br>[ ] Electronic Mail<br>[ ] Facsimile<br>[ ] Legal Messenger<br>[ x ] Other: ECF |

DATED: January 02, 2017  　　　　　　　/s/ Mark C. McClure
At Kent, Washington 　　　　　　　　　Mark C. McClure

REPLY TO TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY AND COMPEL ABANDONMENT OF REAL PROPERTY AND JOINDER THEREIN  6

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

z:\legal ii\2016\bankruptcy\banchero, scott - re melvin and virginia foster\foster, mel\motion for relief and compel abandonment\reply\reply - banchero.doc